IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHUTTERFLY, INC., | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. |
| v. | ) ) |
| INTERACTIVE MEMORIES, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

### COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, plaintiff Shutterfly, Inc. ("Shutterfly"), by and through its attorneys, alleges as follows:

### NATURE OF THE ACTION

1. This is an action brought by Shutterfly against Interactive Memories, Inc. ("Mixbook") for infringement of U.S. Patent Nos. 8,705,891 ("the '891 patent") and 8,363,888 ("the '888 patent") (collectively, the "Asserted Patents").

### THE PARTIES

2. The plaintiff, Shutterfly, is a Delaware corporation with its principal place of business at 2800 Bridge Parkway, Redwood City, California.

3. The defendant, Interactive Memories, Inc. (d/b/a Mixbook) is a Delaware corporation with a principal place of business at 409 Sherman Avenue, Palo Alto, California. On information and belief, Mixbook operates and distributes photo product creation and editing platforms under the trade names Montage and Mosaic.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Mixbook. Mixbook is incorporated in Delaware and, on information and belief, Mixbook has transacted business in this District, supplied goods or services in this District, purposefully availed itself of the privileges and benefits and of the laws of this state, and committed acts of patent infringement during the course of its business in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,705,891**

7. Paragraphs 1-6 are incorporated by reference as if fully stated herein.

8. The '891 patent issued on April 22, 2014 and is entitled "Smart Photobook Creation." A true and correct copy of the '891 patent is attached as **Exhibit 1** and is incorporated herein by reference.

9. Shutterfly owns by assignment the entire right, title and interest in and to the '891 patent.

10. The '891 patent is valid and enforceable under the United States Patent Laws.

11. On information and belief, Mixbook has directly and indirectly infringed and is directly and indirectly infringing at least claim 1 of the '891 patent, in violation of 35 U.S.C. § 271 *et seq.*, by at least making, using, offering for sale, selling in the United States and/or importing into the United States without authority, products such as photo books made with Mixbook's Montage photo product creation and editing platform in a manner that uses the photo product creation methods of the patented invention. On information and belief, Mixbook

additionally has directly and indirectly infringed and is directly and indirectly infringing at least claim 1 of the '891 patent, in violation of 35 U.S.C. § 271 *et seq.*, by using the claimed methods of the '891 patent in operating its Montage platform.

12. Since at least June 2, 2014, Mixbook has had actual knowledge of the '891 patent and knowledge that its Montage photo product creation and editing platform infringes one or more claims of the '891 patent.

13. On information and belief, while knowing of the '891 patent, Mixbook has and continues to actively induce infringement of the '891 patent by at least encouraging and instructing end users to use its Montage platform and associated services in a manner that infringes at least claim 1 of the '891 patent – all while knowing that Mixbook's actions would induce infringement of the '891 patent, knowing and intending that infringement of the '891 patent would take place. Mixbook's ongoing inducement with knowledge that infringement of the '891 patent will take place and intent that infringement take place subjects Mixbook to liability as an indirect infringer.

14. Mixbook's infringement is exceptional and entitles Shutterfly to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Shutterfly has been damaged by Mixbook's infringement of the '891 patent and will continue to be damaged unless enjoined by this Court. Shutterfly does not have an adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,363,888

15. Paragraphs 1-14 are incorporated by reference as if fully stated herein.

16. The '888 patent issued on January 29, 2013 and is entitled "Proactive Creation of Photobooks." A true and correct copy of the '888 patent is attached as **Exhibit 2** and is incorporated herein by reference.

17. Shutterfly owns by assignment the entire right, title and interest in and to the '888 patent.

18. The '888 patent is valid and enforceable under the United States Patent Laws.

19. On information and belief, Mixbook has directly infringed and is directly infringing at least claim 1 of the '888 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, offering for sale, selling in the United States and/or importing into the United States without authority, products such as photo books made with Mixbook's Montage and Mosaic photo product creation and editing platforms in a manner that uses the photo product creation methods of the patented invention. On information and belief, Mixbook additionally has directly infringed and is directly infringing at least claim 1 of the '888 patent, in violation of 35 U.S.C. § 271 *et seq.*, by using the claimed methods of the '888 patent in operating its Montage and Mosaic platforms.

20. Mixbook's infringement is exceptional and entitles Shutterfly to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Shutterfly has been damaged by Mixbook's infringement of the '888 patent and will continue to be damaged unless enjoined by this Court. Shutterfly does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE SHUTTERFLY prays that this Court:

    a. Enter judgment that Mixbook has infringed each and every one of the Asserted Patents;

    b. Enter an order enjoining Mixbook, its officers, agents, employees, and those persons in active concern or participation with any of them, and its successors and assigns, from infringing each and every one of the Asserted Patents;

    c. Award Shutterfly its damages resulting from Mixbook's infringement

4

pursuant to 35 U.S.C. § 284;

    d.    Find this to be an exceptional case and award Shutterfly its attorneys' fees, pursuant to 35 U.S.C. § 285;

    e.    Award Shutterfly prejudgment and post-judgment interest on its damages;

    f.    Award Shutterfly its costs; and

    g.    Award Shutterfly such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), Shutterfly demands a trial by jury on all counts of the Complaint so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Daralyn J. Durie
Joshua H. Lerner
Timothy C. Saulsbury
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 362-6666

Dated: June 2, 2014
1154579

By:    /s/ Philip A. Rovner
       Philip A. Rovner (#3215)
       Jonathan A. Choa (#5319)
       Hercules Plaza
       P.O. Box 951
       Wilmington, DE 19899
       (302) 984-6000
       provner@potteranderson.com
       jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Shuttterfly, Inc.*